Stephen M. Uthoff, State Bar No. 145206
E-mail: suthoff@uthofflaw.com
The Uthoff Law Corporation
111 W. Ocean Blvd., Suite 1960
Long Beach, California 90802
Tele: 562-437-4301
Fax: 562-437-4341

Attorney for Plaintiff
MAERSK LINE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAERSK LINE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ELEGANCE EXOTIC WOOD FLOORING, INC.<br><br>　　　　　Defendant. | Case No.<br><br>**IN ADMIRALTY**<br><br>**COMPLAINT FOR MONEY DUE UNDER TARIFF & SERVICE CONTRACTS, BREACH OF CONTRACT(S), GOODS WARES AND SERVICES; OPEN BOOK ACCOUNT** |

Maersk Line alleges that:

### **FIRST COUNT**

**(For Money due Under Tariff & Service Contracts)**

　　1.　　This Court has jurisdiction under 28 U.S.C. §§1331 and 1333. This matter arises under the laws of the United States, in particular, <u>The Shipping Act of 1984</u>, (as amended) 46 U.S.C. §§40101 et seq. (hereinafter "The Act"), and involves contract(s) within the jurisdiction or claims pendent or ancillary to the same. This is an admiralty and maritime claim.

1

2. Maersk Line (hereinafter "Plaintiff") is a common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in The Act and was such a common carrier for the benefit of Elegance Exotic Wood Flooring, Inc. ("Defendant").

3. Defendants, and each of them, are, and were at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its place of business or residence in this district and is and was a legal entity capable of being sued. Each defendant is believed to be the agent or alter-ego of each remaining defendant.

4. Venue is proper in this judicial district because it is where the claim arose and/or because defendant(s) resides or does business in the district and/or defendant(s) are aliens.

5. Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, ocean freight, wharfage and dockage detention and demurrage and related charges with the Federal Maritime Commission or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to The Act. Pursuant to The Act, Plaintiff is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts. The Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

6. Plaintiff transported cargo for the benefit of Defendant during 2016-2018 in the foreign commerce of the United States in the course and scope of Defendant's operations. Such transportation and services provided are evidenced by Plaintiff's service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference. Plaintiff has fully performed its tariff and contractual obligations. A summary of the relevant bills of lading and invoices are attached hereto as Exhibit "A" and made a part hereof.

7. Plaintiff has demanded that Defendant pay the amount due to Maersk.

8. Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

9. Consequently, Defendant is liable to Plaintiff in the amount of $20,233.26 plus reasonable attorneys' fees and interest thereon.

## SECOND COUNT

### (For Breach of Written Contract(s))

10. Plaintiff refers to paragraphs l through 9 of this complaint and incorporates them herein by this reference.

11. Said transportation was performed pursuant to a written contract(s) of carriage and/or service contracts between Plaintiff and Defendant, as evidenced by said bills of lading and/or invoices listed in Exhibit A.

12. Plaintiff has fully performed its obligations under said contracts except those obligations, if any, which Plaintiff was excused from performing.

13. Plaintiff has demanded that Defendant pay the amount due under said contracts and the Defendant has refused to pay thereon.

14. Consequently, Defendant is liable to plaintiff in the amount of $20,233.26, plus reasonable attorneys' fees and interest thereon.

## THIRD COUNT

### (For Goods Wares and Services)

15. Plaintiff refers to paragraphs l through 14 of this complaint and incorporates them herein by this reference.

16. Within the last four (4) years, Defendant became indebted to Plaintiff for goods, wares and services provided by Plaintiff to Defendant, as evidenced in Exhibit A for which Defendant agreed to pay plaintiff.

17. Despite due demand, the sum of $20,233.26 is now due, owing and unpaid for said goods, wares and services.

## FOURTH COUNT

### (For Open Book Account)

18. Plaintiff refers to paragraphs l through 17 of this complaint and incorporates them herein by this reference.

19. Within the last four (4) years, Defendants became indebted to Plaintiff on an open book account, as evidenced in Exhibit A which Defendants agreed to pay.

20. Despite due demand, the sum of $20,233.26 is now due, owing and unpaid on said open book account.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. For judgment in the principal amount of $20,233.26;
2. For the costs of collection, according to proof;
3. For costs of suit incurred herein, according to proof;
4. For pre-judgment and post-judgment interest;
5. For reasonable attorneys' fees; and
6. For such other and further relief as the Court deems just and proper.

Dated:  July 20, 2020,

By:   _s/Stephen M. Uthoff_____
Stephen M. Uthoff
The Uthoff Law Corporation
Attorneys for Plaintiff
MAERSK LINE